JOHN T. SNYDER *vs.* JEFFERSON E. NESBITT.

*Construction of Will—Fee simple estate.*

A testator devised to T. R. with whom he had lived as a married man, his whole estate, until his son attained the age of twenty-five years, when it was to go to him and his heirs forever, except certain real estate devised to his daughter; that, if both,—the son and the daughter—should die without issue the property should descend to such persons as would by law have inherited the same if the testator had died intestate. The testator further provided that the son should pay to the daughter a thousand dollars when she attained the age of twenty years, said sum to be a charge on the real estate devised to the son; that when the son should attain the age of twenty-five years and take posses-. sion of the estate devised to him, his mother, T. R. and her daughter should have during their lives the exclusive joint use of four particularly designated rooms in the testator's house, and the right to use the hall and stairs; and that the lands devised to the son be further charged with the payment annually of fifty dollars to his mother. HELD:

That the son took a fee simple estate, charged with the payment of fifty dollars annually to his mother, and a thousand dollars to the daughter.

APPEAL from the Circuit Court for Washington County, in Equity. ·

The case is stated in the opinion of the Court.

The cause was submitted on briefs to ALVEY, C. J., ROBINSON, BRYAN, FOWLER, ROBERTS, and McSHERRY, J.

*Reinhold J. Halm,* and *J. O. Snyder,* for the appellant.

*Frank W. Mish,* for the appellee.

ROBERTS, J., delivered the opinion of the Court.

On the 8th of March, 1893, the parties to this cause entered into an agreement in writing, by which the appellee contracted to sell to the appellant a piece of ground situate at the eastern end of the town of Clearspring, in Washington County, being part of the land which had been devised by Otho Nesbitt, late of said county, to his natural son, the appellee, as hereinafter stated. By the terms of said agreement the appellee also contracted to furnish to the appellant a good general warranty deed, conveying said land in fee simple, free of all incumbrance. The appellant subsequently refused to comply with the terms of the agreement, assigning as his reason therefor, that the appellee could not give a fee simple title to the land, nor convey the same free of all incumbrance. Thereupon the appellee filed his bill of complaint exhibiting therewith said agreement, and praying a specific performance of its terms. The appellant has answered the bill denying the allegations thereof, and the case being submitted to the Court below, a *pro forma* decree was passed, granting the relief prayed, and the appellant brings the case here to be reviewed and passed upon by this Court. The testator left surviving him his two natural children, the appellee and Lillie Bell Nesbitt, and their mother, Tempe Robinson, who by the terms of his will, were made the objects of his bounty.

It is conceded by the pleadings and the statement of counsel, that the appellee had attained the age of twenty-five years before the making of said agreement, and that his sister is beyond the age of twenty, and that the personal estate of which the testator died possessed is insufficient for the payment of his just debts.

There is but one question before us, and that requires us to determine what estate the appellee took under the provisions of his father's will. In the first provision of his will the testator says "After the payment of my debts

37          v. 77.

and funeral expenses, I give, devise and bequeath unto Tempe Robinson, who now lives with me, all my estate, lands, and property of every kind, to have and to hold and receive and use the rents, profits thereof until my son, Jefferson Ellsworth Nesbitt, attains the age of twenty-five years, at which time and in which event I hereby give, bequeath, and devise unto him, the said Jefferson Ellsworth Nesbitt, all and singular the said estates, lands and property of every kind and description, to him and his heirs forever, except as follows, to wit.''

He then devises to his said daughter, Lillie Bell Nesbitt, certain real estate, which is a part of the general devise to his son, the appellee, and is excepted therefrom.

Then follows this provision: ''It is further my will that in case of the death of both the said Jefferson Ellsworth Nesbitt, and the said Lillie Bell Nesbitt, without issue, lawfully begotten, then the property hereby devised, shall descend and go to such persons, as would by law, have inherited the property from me, if I had died intestate.''

If this paper contained no further testamentary dispositions, the contention of the appellant might be conceded to be correct, and we could properly hold that the appellee, on the happening of the contingency contained in the clause of said will, last quoted, took only a life estate. But there are other provisions of said will, which we think must be held to determine the testator's intention as to the estate his son would take.

The testator further provides, ''that the said Jefferson Ellsworth Nesbitt shall pay to his sister Lillie Bell Nesbitt, the sum of one thousand dollars, when she attains the age of twenty years, the said sum of one thousand dollars to be and remain a charge on the real estate, hereby devised to the said Jefferson Ellsworth Nesbitt, until paid.'' And he further directs, ''that when the said

Jefferson Ellsworth Nesbitt shall attain the age of twenty-five years, and taken possession of the estate hereby devised to him, his mother, the said H. Tempe Robinson, shall nevertheless have for, and during her natural life, the exclusive use and possession of four rooms in the house, I now reside in, said rooms being those next to the road, and also the right to use the hall and stairs for the purpose of ingress and egress."

And further on he says, "I hereby also give the same right and privilege to the said Lillie Bell Nesbitt, the said H. Tempe Robinson, and her said daughter Lillie, to have and use the said rooms jointly by them for and during the natural life of them, and the survivor of them, unless one or the other shall marry, and in that case, the one so marrying shall not, unless at the election of the one remaining single, have and use the said rooms." And then, "I hereby further charge on the lands hereby devised to the said Jefferson Ellsworth Nesbitt, the sum of fifty dollars to be paid to his mother H. Tempe Robinson, on the 1st of April, in each and every year after he shall be entitled to possession, under this will, for and during the natural life of his mother, the said H. Tempe Robinson."

Finally, "and I charge on the lands hereby devised to the said Lillie Bell Nesbitt, the payment annually of the sum of twenty-five dollars to the said H. Tempe Robinson, such payments to commence one year after the said Jefferson Ellsworth Nesbitt shall be entitled to the possession of the property herein devised to him."

The language quoted can have, and we think was intended to have, no other effect than to qualify and explain the testator's intention, that he desired to give his entire estate to his two children, and pending the life of their mother, that they should provide for her support, which was to come out of the very property, which he had devised to his children; and he sought to equalize the divi-

Snyder *vs.* Nesbitt.

sion of his property between his children, by imposing a personal charge on his son, in favor of his daughter, to the extent of one thousand dollars, which is also made a charge upon the real estate devised to the son until paid. The note to *Cook, et al. vs. Holmes, et ux.*, 11 *Mass.*, 532, correctly states the law: "It has long been established that a condition or direction imposed on a devisee enlarges a devise without words of limitation to an estate in fee simple. The ground upon which this rule of construction has been established is that, unless the devisee were to take a fee, he might in the event be a loser by the devise, since he might die before he had reimbursed himself the amount of the charge; and it applies therefore to every case in which a loss is possible. But cases, in which the charge is imposed on the devisee, are carefully to be distinguished from those in which it is thrown upon the land simply; for in the latter case, the testator's expressions only require that the encumbrance should attach, in whatever hands the estate may fall,—no ground exists for enlarging the estate of any devisee. If, however, the sum be payable by the devisee, though charged on the lands, he takes a fee; but not on the ground applicable to charges imposed simply on the devisee, that he might otherwise sustain a loss,—for if the payment be out of the land, he cannot possibly be damnified,—but because the devisor has imposed upon him a duty the execution of which requires that he should take a fee." *Goodtitle vs. Maddern*, 4 *East*, 496; *Doe, dem. Stevens vs. Snelling*, 5 *East*, 87; *Moor vs. Denn*, 2 *Bos. & Pull.*, 247; *Doe vs. Clarke*, 5 *Bos. & Pull.*, 343; *Colyer's Case*, 6 *Coke*, 16; *Jackson vs. Bull*, 10 *John.*, 159.

In the case of *Glenn, et al. vs. Spry*, 5 *Md.*, 111, where a testator, by his will executed in 1799, devised to his son Charles, "all the land he possessed," directing him to pay to his son James, the sum of one hundred and twenty dollars per annum, until the latter attained the age of

Snyder *vs.* Nesbitt.

twenty, when Charles was "to pay to James the sum of one thousand dollars to set him up in business," then follows this clause:—"I order, and my will is, in case my son Charles should die before he arrives at the age of twenty-one, or have a *lawful heir*, then my son James shall have my aforesaid land." In this state of case Mr. Justice Tuck delivering the opinion of the Court says: "If we apply to the case before us, the reasoning of the law on which a general devise of land is enlarged to a fee, where the land or the devisee is made answerable for a legacy to another, it is difficult to perceive how the same result can be avoided, when the title to the land, and the charge become united in the person entitled to the sum to be paid. The ground of the rule is this: Every devise is intended for the benefit of the devisee, and when a devise is thus encumbered, unless the devisee were to take the fee, he might, by dying before he had reimbursed himself the amount charged out of the land, be a loser by the devise, and what was intended as a benefit become an injury; and the rule applies to every case where a loss is possible." *Wellock vs. Hammond, Cro. Eliz.*, 204; *Walker vs. Collier, Cro. Eliz.*, 379; *Greeve vs. Dewell, Cro. Jac.*, 599; *Moone vs. Heaseman, Willes*, 138; *Loveacres vs. Blight, Cowp.*, 356; *Doe, dem. vs. Richards*, 3 *Term. Rep.*, 356; *Doe, dem. Stevens vs. Snelling*, 5 *East*, 87; 2 *Powell*, ch. 19; *Colyer's Case*, 6 *Coke*, 16; *Reed vs. Hatton*, 2 *Mod.*, 26; 2 *Preston* 207, 230; *Barheydt vs. Barheydt*, 20 *Wend.*, 580.

In *Gibson vs. Horton*, 5 *H. & J.*, 180, Mr. Justice Johnson, delivering the opinion of the Court says: "Where land is given by will without specifying the interest, charged with the payment of a sum of money in gross, no matter how small, the devisee, if he takes the land, must pay the sum; but his interest is by the charge enlarged to an estate in fee, which without such charge would have been but a life estate. If being charged with

the payment of a sum of money in gross, will convert a life estate to an estate in fee, surely charging the devisee or making the devise to him depend on his conveying land belonging to himself to other persons, must have the same effect.'' The appellee having elected to take the land devised to him, has by his election assumed not only the payment of any deficiency, which may be found to exist in the application of the personal estate, to the discharge of the debts of the testator, but his sister and mother are now at liberty to demand of him the several charges which he is required to pay under the provisions of the will. This did not, however, justify the Court below, in taking cognizance of their supposed relations to the subject-matter of this controversy. They are not parties to this suit nor is there any privity of contract between them and the appellant, and they should not have been connected even by mention in the decree. But the appellant is in no respect damnified by the decree, and has no cause to complain. The decree will accordingly be affirmed.

*Decree affirmed.*

(Decided 21st June, 1893.)